CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 6 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DOUGLAS J. DODSON, JR.,                )
    Petitioner,                            )    Civil Action No. 7:06cv00067
                                           )
v.                                     )    **MEMORANDUM OPINION**
                                           )
B.A. BLEDSOE,                          )    By: Samuel G. Wilson
    Respondent.                            )    United States District Judge

Petitioner Douglas J. Dodson, Jr., a federal inmate proceeding pro se, brings this action pursuant to 28 U.S.C. § 2241. Dodson was convicted in the Eastern District of Virginia of conspiracy to distribute heroin and cocaine base, possession with intent to distribute a controlled substance, use of a firearm in a drug trafficking offense, and possession of a firearm by a convicted felon. The court sentenced him to life in prison. Dodson now alleges that his sentence is unconstitutional under United States v. Booker, 125 S.Ct. 738 (2005).

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not 28 U.S.C. § 2241, is the appropriate vehicle for challenging the imposition of a sentence,[1] unless a petition pursuant to 28 U.S.C. § 2255 is "inadequate and ineffective" for that purpose. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A petition pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence only when 1) settled law established the legality of the conviction or sentence at the time imposed; 2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for which the prisoner was convicted no longer criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review. Id. The Supreme

---

[1] See U.S. v. Little, 392 F.3d 671, (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241.").

"A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)).

Court's <u>Booker</u> decision did not render legal the conduct for which Dodson was convicted; therefore,

he may not resort to § 2241. Accordingly, the court dismisses Dodson's § 2241 petition.

**ENTER**: This 26th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

2

Case 7:06-cv-00067-SGW-mfu   Document 2   Filed 01/26/06   Page 2 of 2   Pageid#: 20